IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSE R. MALDONADO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. |
| ) | |
| COUNTY OF COOK, COOK COUNTY SHERIFF ) | |
| DEPARTMENT, SERGEANT WILLIAM ) | |
| MARGALUS, SHERIFF OFFICER CODY ) | |
| LETTIERE, STATE OF ILLINOIS, STATE OF ) | |
| ILLINOIS POLICE DEPARTMENT, and ) | |
| ILLINOIS STATE TROOPER ERIC DAVID, ) | JURY TRIAL REQUESTED |
| ) | |
| Defendants. ) | |

## COMPLAINT

NOW COMES Plaintiff, JOSE R. MALDONADO, by and through his attorneys, Anthony J. Peraica & Associates, Ltd., and for his complaint at law states as follows:

### JURISDICTION AND VENUE

1. This action is brought under 42 USC §1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

2. This Court has jurisdiction pursuant to 28 U.S.C.§§1331 and 1343(3) and, supplemental jurisdiction of pendent state claims pursuant to 28 USC §1367.

3. Venue is proper under 28 U.S.C. §1391(b). The parties reside and all transactions and occurrences complained of occurred in the Northern District of Illinois.

### PARTIES

4. Plaintiff, Jose R. Maldonado, was at all times relevant a resident of the City of Midlothian, County of Cook, State of Illinois in the United States of America.

1

5. The Department of Illinois State Police ("ISP") is a department of the Executive Branch of the State of Illinois created by statute, 20 ILCS 2605/2605-1, et seq, and administers itself through the State of Illinois.

6. Illinois Police Officers acted under the authority of the ISP and under color of law.

7. The Defendant County of Cook is a municipal corporation duly organized under the laws of the State of Illinois.

8. The County of Cook maintains, manages and/or operates the Cook County Sheriff's Department.

9. At all times relevant hereto, Sergeant William Margalus and Cook County Sheriff Officer Cody Lettiere were employed by the Cook County Sheriff's Department and were operating in their official capacities under color of law.

10. At all times relevant hereto, Trooper Eric David was an Illinois State Trooper employed by the State of Illinois Police Department and was operating in his official capacity under color of law.

11. To the extent that there were other unnamed officers and/or supervisors of the Cook County Sheriff Department or State of Illinois Police Department that were involved in the events giving rise to Plaintiff's claims, Plaintiff will seek leave to amend his complaint upon learning the identity of the unknown Defendants, so as to properly allege their names.

## FACTS

12. At all times relevant, the Plaintiff, Jose R. Maldonado was the Chief of Police of the Chicago Heights Park District.

13. Plaintiff had previously gone through the Cook County Sheriff's Correctional Academy in 2013 and for a brief time worked for the Cook County Sheriff's Department.

14. On or about August 15, 2018, an arrest warrant was issued for Jose R. Maldonado for false personation of a law enforcement official. No complainant was listed on the arrest warrant but it did indicate that the agency was Midlothian Police Department.

15. A criminal complaint was filed against the Plaintiff, *People v. Maldonado*, 18 CR1424701, in the Circuit Court of Cook County for false personation.

16. Upon learning of the warrant, on August 30, 2018, Plaintiff turned himself in.

17. On or about August 30, 2018, the Plaintiff was prevented from speaking with his attorney by Cook County Sergeant William Margalus.

18. While Plaintiff was in custody, upon information and belief, Cook County Sheriff Officer Cody Lettiere posted the Plaintiff's picture and location in the Cook County jail on Facebook or other social media.

19. The Plaintiff spent 6 days in jail/detention while being processed and bond was Set during which time Plaintiff was subject to long periods of deprivation of food and water, lack of toilet paper, and unsanitary conditions in his cell.

20. Despite a court order for Plaintiff to be kept in protective custody, due to his law enforcement background, Plaintiff was placed in the general population holding cells.

21. Plaintiff was released on bond on September 4, 2018.

22. On January 14, 2019, after a bench trial before the Honorable Judge Michele Pittman, the Plaintiff, Jose R. Maldonado was found not guilty of the charge of False Personation of an Officer.

3

23. On March 12, 2019, Plaintiff was informed that the Assistant State's Attorney's office was dismissing the criminal charges for the traffic stop and DUI arrest that occurred on March 7, 2016; *People v. Maldonado*, 16-CR-6469, based on the merits of the case.

24. The Defendants improperly obtained search warrants to arrest the Plaintiff.

25. Upon information and belief, Defendants lacked probable cause for the search warrants. The tactics used by the Defendants violated the Plaintiff's constitutional rights under the Fifth, Sixth, Fourteenth and Fourth Amendments to the United States Constitution.

26. Defendants caused Plaintiff to be arrested and charged criminally without just cause or provocation and in violation of Plaintiff's Constitutional rights and Illinois law.

27. As a direct and proximate result of the above acts, Plaintiff was deprived of his rights secured by the Fourth and Fourteenth Amendment when he was interrogated without his requested counsel and Defendants used unlawful and false evidence against the plaintiff.

28. As a result of the Defendants' conduct, Plaintiff suffered great mental anguish, humiliation, depression, degradation, physical and emotional pain and suffering, inconvenience, future pecuniary losses and other consequential damages.

29. Plaintiff has been acquitted and found not guilty of all charges.

## COUNT I
### (42 .S.C § 1983 – Malicious Prosecution 4th Amendment)

30. Plaintiff restates and re-alleges paragraphs 1 through 29 above as if fully set forth herein.

31. In committing the acts alleged in the preceding paragraphs, each of the Defendants, jointly and in conspiracy, as well as under color of law and within the scope of their employment, caused Plaintiff to be deprived of his Fourth Amendment right, as provided for in the U.S. Constitution.

4

32. The misconduct described in this Count was objectively unreasonable, without probable cause and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

33. The Defendant Officers, while acting individually, jointly and in conspiracy, fabricated evidence against the Plaintiff to allow for criminal prosecution.

34. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Cook County Police Department and/or State of Illinois Police Department and by extension the Defendants County of Cook and State of Illinois.

35. As a result of this violation, the Plaintiff suffered pain and injury, and a long drawn out criminal trial, as well as, deprivation of liberty and severe emotional distress.

WHEREFORE, Plaintiff demands substantial compensatory damages against Defendants, plus attorney's fees and costs, liquidated damages as Defendants acted with malice and without probable cause, and any such other and additional relief as this Court deems just and equitable.

## COUNT II
### (42 U.S.C § 1983 -- Conspiracy to Deprive Constitutional Rights)

36. Plaintiff restates and re-alleges paragraphs 1 through 29 above as if fully set forth herein.

37. Upon information and belief, in committing the acts alleged in the preceding paragraphs, Defendant Officers reached an agreement to falsely arrest and frame Plaintiff for crimes he did not commit, and to thereby deprive Plaintiff of his constitutional rights, all as described more fully throughout this Complaint.

38. In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

39. The misconduct described in this Count was undertaken with malice, willfulness and

reckless indifference to the rights of Plaintiff.

40. As a result of this conduct, Plaintiff suffered pain and injury, as well as, deprivation of liberty and severe emotional distress.

WHEREFORE, Plaintiff demands substantial compensatory damages against Defendants, plus attorney's fees and costs, liquidated damages and any such other and additional relief as this Court deems just and equitable.

## COUNT III
### *(Monell* Claim Against Defendant County of Cook)

41. Plaintiff restates and re-alleges paragraphs 1 through 40 above as if fully set forth herein.

42. The constitutional violations set forth in Counts I through II were caused by the deliberate indifference of the County of Cook ("County") such that the County itself is liable for the violations of Plaintiff's constitutional rights.

43. It is the culture, custom and/or widespread practice of the Cook County Sheriff's Department that it does not conduct investigations into all cases of officer misconduct that are brought to the attention of the department or the County.

44. Only the most egregious violations subject County Officers to discipline, despite the Cook County Sheriff's Department Rules of Conduct providing that any violation of a law or ordinance is subject to discipline.

45. The conduct of the Defendant Officers in violating Plaintiff's constitutional rights was undertaken pursuant to the policy and widespread practices of the Cook County Sheriff's Department in that:

6

    a. The Defendant officers failed to perform their duty by failing to properly investigate; upon information and belief, none of the officers have been disciplined;

    b. The Defendant officers showed incompetency of inefficiency in the performance of duty by failing to consider other leads or properly investigating the situation; upon information and belief, none of the officers have been disciplined;

    c. The Defendant Officers made a false report, written or oral; upon information and belief, none of the officers have been disciplined;

    d. As a matter of both policy and practice, the Sheriff Department directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately discipline, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

    e. As a matter of both policy and practice, the Sheriff Department facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading its officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff; and

    f. Other acts of negligence.

46. Defendant County maintained these policies and widespread practices in deliberate indifference to the foreseeable consequences including the violations of Plaintiff's rights.

47. Defendant County's deliberate indifference to these polices and widespread practices were the moving force behind the violation of Plaintiff's constitutional rights.

48. As a result of Defendant County's conduct in causing the constitutional violations, Plaintiff suffered pain and injury, as well as, deprivation of liberty and severe emotional distress.

WHEREFORE, Plaintiff demands substantial compensatory damages against Defendant County of Cook, plus attorney's fees and costs, and any such other and additional relief as this Court deems just and equitable.

## COUNT IV
### (745 ILCS 10/9-101 – Indemnification; Cook County)

49. Plaintiff restates and re-alleges paragraphs 1 through 48 above as if fully set forth herein.

50. Defendant County of Cook is the employer of Defendants Cook County Sergeant William Margalus and Cook County Sheriff Officer Cody Lettiere.

51. The Defendant Officers committed the acts alleged above under color of law and in the scope of their employment as employees of the County of Cook.

WHEREFORE, Plaintiff demands that if any non-punitive damages, fees or costs are awarded against the Defendant Officers, then the County of Cook should be liable to pay the award.

## COUNT V
### (745 ILCS 10/9-101 – Indemnification; State of Illinois)

52. Plaintiff restates and re-alleges paragraphs 1 through 29 above as if fully set forth herein.

53. Defendant State of Illinois is the employer of Defendant Trooper Eric David.

54. The Defendant Officer committed the acts alleged above under color of law and in the scope of his employment with the State of Illinois.

WHEREFORE, Plaintiff demands that if any non-punitive damages, fees or costs are awarded against the Defendant Trooper David, then the State of Illinois should be liable to pay the award.

## SUPPLEMENTAL STATE LAW CLAIMS

### COUNT VI
### (Malicious Prosecution)

55. Plaintiff restates and re-alleges paragraphs 1 through 40 above as if fully set forth herein.

56. Defendant Officers caused Plaintiff to be improperly subjected to judicial proceedings for which there was no probable cause.

57. These judicial proceedings were instituted and/or continued maliciously and without probable cause, resulting in injury.

58. The Defendants accused Plaintiff of criminal activity knowing those accusations to be without probable cause, and they made statements to prosecutors with the intent of exerting influence to institute and continue the judicial proceedings.

59. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff.

60. The Defendant Officers performed the actions complained of while on duty and in the employ of Defendant Cook County Sheriff Department or State of Illinois Police Department, while acting within the scope of their employment.

61. As a result of this misconduct, Plaintiff sustained and continues to sustain pain and injury, as well as, deprivation of liberty, damage to reputation, pain and suffering and emotional distress.

WHEREFORE, Plaintiff demands substantial compensatory damages and liquidated damages in an amount sufficient to deter similar misconduct, jointly and severally from the Defendants, plus costs, attorney's fees and whatever additional relief this Court deems just and equitable.

## COUNT VII
### (Intentional Infliction of Emotional Distress)

62. Plaintiff restates and re-alleges paragraphs 1 through 40 and 55 to 61, above as if fully set forth herein.

63. The above-detailed conduct by the Defendant Officers was extreme and outrageous.

64. Defendant Officers performed the acts detailed above with the intent of inflicting severe emotional distress on Plaintiff with knowledge of the high probability that the conduct would cause such distress.

65. As a direct and proximate result of this conduct, Plaintiff did in fact suffer severe emotional distress.

WHEREFORE, Plaintiff demands substantial compensatory damages and liquidated damages in an amount sufficient to deter similar misconduct, jointly and severally from the Defendants, plus costs, attorney's fees and whatever additional relief this Court deems just and equitable.

Respectfully submitted,

s/ Anthony J. Peraica

Anthony J. Peraica, ARDC NO.: 6186661
Anthony J. Peraica & Associates, Ltd.
5130 S. Archer Avenue
Chicago, IL 60632
(773) 735-1700