IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSE R. MALDONADO, | ) |
| *Plaintiff*, | ) ) ) No. 20 C 213 |
| v. | ) ) Judge Virginia M. Kendall |
| COUNTY OF COOK et al., | ) ) |
| *Defendants*. | ) ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Joseph R. Maldonado, the former police chief of the Chicago Heights Park District, alleges that Cook County Sergeant William Margalus and Sheriff Officer Cody Lettiere conspired with Illinois State Trooper Eric David to frame him for false personation. (Dkt. 1 ¶¶ 14, 33, 37). Maldonado further alleges that the County defendant-officers detained him without probable cause, prevented him from speaking with an attorney, and posted pictures of him in jail on social media. (*Id.* at ¶¶ 17, 18, 25). Maldonado sued Sergeant Margalus, Officer Lettiere, the Sheriff of Cook County, the County of Cook, Trooper David, the Illinois State Police, and the State of Illinois for constitutional violations and conspiracy pursuant to 42 U.S.C. § 1983. (*Id.* at ¶¶ 30–40). Maldonado also brings state law claims for indemnification, malicious prosecution, and intentional infliction of emotional distress. (*Id.* at ¶¶ 49–65).

Both the State and County Defendants have moved to dismiss Maldonado's complaint for failure to state a claim arguing that the complaint attempts to raise a nonexistent claim and provides only vague factual support for the remaining claims. (Dkts. 18, 21). In addition, the State Defendants argue that sovereign immunity bars the claims against the State of Illinois, the Illinois State Police, and Trooper David. (Dkt. 18 at 4). For the following reasons, the Court grants the motions to dismiss (Dkts. 18, 21) in part and refrains to decide Plaintiff's state law claims until an Amended Complaint is filed.

## BACKGROUND

On a motion to dismiss under Rule 12(b)(6), the Court accepts the complaint's well-pleaded factual allegations, with all reasonable inferences drawn in the non-moving party's favor, but not its legal conclusions. *See Smoke Shop, LLC v. United States*, 761 F.3d 779, 785 (7th Cir. 2014). The following factual allegations are taken from Maldonado's complaint and are assumed true for purposes of this motion. *W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016).

On or about August 15, 2018, the Midlothian Police Department issued an arrest warrant for Maldonado, who was then the Chief of Police of the Chicago Heights Park District, for false personation of a law enforcement official. (Dkt. 1 at ¶ 14). After Maldonado turned himself in on August 30, 2018, Sergeant Margalus prevented Maldonado from speaking with an attorney, violating his constitutional rights. (*Id.* at ¶¶ 16, 17, 27). While Maldonado was in custody, Officer Lettiere

shared Maldonado's picture and location in the Cook County jail on social media. (*Id.* at ¶ 18).

Maldonado spent six days in general population holding cells, despite a court order for his detention in protective custody. (*Id.* at ¶¶ 19, 20). In jail, he faced unsanitary conditions and prolonged deprivation of food, water, and toilet paper before his release on bond. (*Id.* at ¶¶ 19, 21). He was released on bond on September 4, 2019. (*Id.* at ¶ 21). On January 14, 2019, after a bench trial, Maldonado was found not guilty of false personation. (*Id.* at ¶ 22). Later, on March 12, 2019, state prosecutors dismissed charges against him in a separate case stemming from his DUI arrest by Trooper David on March 7, 2016. (*Id.* at ¶ 23). Maldonado claims that Defendants lacked probable cause for the search warrants and that the tactics used by Defendants violated Maldonado's Constitutional rights. (*Id.* at ¶ 25). Defendants caused Maldonado to be arrested and charged criminally without cause or provocation, in violation of the Constitution and Illinois law. (*Id.* at ¶ 26). As a result of Defendants' conduct, Maldonado suffered emotional distress. (*Id.* at ¶ 28).

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court is "not bound to accept as true a

legal conclusion couched as a factual allegation." *Olson v. Champaign Cty.*, 784 F.3d 1093, 1099 (7th Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Toulon v. Cont'l Cas. Co.*, 877 F.3d 725, 734 (7th Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678). The Seventh Circuit has interpreted this plausibility standard to mean that the plaintiff must "give enough details about the subject-matter of the case to present a story that holds together." *Vanzant v. Hill's Pet Nutrition, Inc.*, 934 F.3d 730, 736 (7th Cir. 2019) (quoting *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir.2010)). Additionally, evaluating whether a plaintiff's claim is sufficiently plausible to survive a motion to dismiss is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Schumacher*, 844 F.3d at 676 (quoting *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011); *Iqbal*, 556 U.S. at 678)).

## DISCUSSION

Maldonado alleges seven counts detailing violations of his constitutional rights and rights under Illinois law. In Count I, Maldonado alleges a federal malicious prosecution claim under 42 U.S.C. § 1983 against Defendants; in Count II Maldonado alleges that Defendants conspired to violate his constitutional rights under § 1983; in Count III, Maldonado brings a *Monell* claim against Cook County;, and in Counts IV–VII, Maldonado alleges state law claims for indemnification, malicious prosecution, and intentional infliction of emotional distress. Defendants have moved to dismiss all seven counts. (Dkt. 18, 21). In response, Maldonado has requested

dismissal of Counts I, II, and III as against Cook County. (Dkt. 30 at 5). Counts I and II are dismissed without prejudice. The remaining state law claims are dismissed as the Court declines to exercise supplemental jurisdiction.

### A. Maldonado's Federal Claims

#### 1. The Eleventh Amendment Bars Claims Against State Defendants

The Eleventh Amendment renders states immune from "any suit in law or equity, commenced or prosecuted . . . by Citizens of another State, or by Citizens or Subjects of any Foreign State." *Tennessee v. Lane*, 541 U.S. 509, 517 (2004). Specifically, the Eleventh Amendment "bars actions in federal court against a state, state agencies, or state officials acting in their official capacities." *Council 31 of the Am. Fed'n of State, Cty. & Mun. Emps. v. Quinn*, 680 F.3d 875, 881 (7th Cir. 2012) (internal quotations omitted). Eleventh Amendment immunity is not absolute, as states are suable when (1) Congress has authorized such a suit; or (2) the state voluntarily waives "its sovereign immunity by consenting to federal jurisdiction or by invoking that jurisdiction through its behavior." *Bd. of Regents of Univ. of Wis. Sys. v. Phoenix Int'l Software, Inc.*, 653 F.3d 448, 458 (7th Cir. 2011). Neither of these exceptions apply here.

Congress has not abrogated Illinois's Eleventh Amendment immunity for § 1983 claims. *Quern v. Jordan*, 440 U.S. 332, 342 (1979); *accord de Lima Silva v. Dep't of Corr.*, 917 F.3d 546, 565 (7th Cir. 2019). And State Defendants have not waived their immunity by consent. *See Phoenix Int'l*, 653 F.3d at 458. Additionally, "a state and its agencies are not suable 'persons'" under § 1983. *Thomas v. Illinois*, 697 F.3d

612, 613 (7th Cir. 2012) (citing *Will*, 491 U.S. at 70–71). Nor is a state officer in an official capacity a "person" under § 1983. *Mercado v. Dart*, 604 F.3d 360, 361 (7th Cir. 2010) (*citing Will*, 491 U.S. at 109). Yet personal-capacity civil actions against a state official are sometimes permissible. *E.A. v. Gardner*, 929 F.3d 922, 925 (7th Cir. 2019); *Mercado*, 604 F.3d at 366; *see also Scott v. O'Grady*, 975 F.2d 366, 369 (7th Cir. 1992) (noting that damage awards in such suits are limited to the official's personal assets); *Kroll v. Bd. Of Trs. of Univ. of Ill.*, 934 F.2d 904, 907 (7th Cir. 1991).

In Counts I and II, Maldonado raises § 1983 claims against State Defendants. (Dkt. 1 ¶¶ 30–40). While the Eleventh Amendment immunizes non-consenting arms of the state, invoking constitutional principles is unnecessary here. *Barnes v. Bd. of Trs. of Univ. of Ill.*, 946 F.3d 384, 391 (7th Cir. 2020) (citing *Carmody v. Bd. of Trs. of Univ. of Ill.*, 893 F.3d 397, 403 (7th Cir. 2018)). "Questions of sovereign immunity do not arise because § 1983 does not create a claim against a state for damages." *Barnes*, 946 F.3d at 391 (quoting *Kolton v. Frerichs*, 869 F.3d 532, 536 (7th Cir. 2017)).

The State of Illinois and the Illinois State Police, a state agency, are not "persons" under § 1983. *See Thomas*, 697 F.3d at 613. Neither is Trooper David while acting in an official capacity. *See Mercado*, 604 F.3d at 361. Accordingly, § 1983 and the Eleventh Amendment bar Maldonado's suit against Illinois, the Illinois State Police, and Trooper David in his official capacity. *See* U.S. CONST. amend. XI; *Will*, 491 U.S. at 66. Nonetheless, Trooper David is not immune as an individual. *See Gardner*, 929 F.3d at 925; *Mercado*, 604 F.3d at 366. Counts I and II are therefore

dismissed as against the State of Illinois, the Illinois State Police, and Trooper David in his official capacity.

### 2. Maldonado Cannot Bring a Section 1983 Claim for Malicious Prosecution

While Maldonado cannot bring § 1983 claims against the State of Illinois, the Illinois State Police, or Trooper David in his official capacity, his claims against Trooper David as an individual and against County Defendants also fail. To state a claim under § 1983, Maldonado must allege a deprivation of a constitutional right or statutory right by a person or persons acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015). In Count I, Maldonado brings a federal malicious prosecution claim, contending that the defendant-officers violated his Fourth Amendment rights pursuant to 42 U.S.C. § 1983. But a Fourth Amendment claim for "malicious prosecution" does not exist in this Circuit. *Camm v. Faith*, 937 F.3d 1096, 1100 (7th Cir. 2019); *see also Manuel v. City of Joliet*, 903 F.3d 667, 670 (7th Cir. 2018) ("There is no such thing as a constitutional right not to be prosecuted without probable cause.") (citations omitted).

Defendants have correctly observed that there is no federal cause of action for malicious prosecution. (Dkt. 18 at 5); (Dkt. 21 at 6). Maldonado cannot now claim that he was bringing an illegal search and seizure claim when his complaint has given rise to no such inference. In his responses to Defendants' motions to dismiss, Maldonado attempts to reframe his § 1983 malicious prosecution claim as a Fourth Amendment unlawful seizure claim. (Dkt. 29 at 8–11); (Dkt. 30 at 5–8). Specifically, Maldonado alleges that his pretrial detention was without probable cause. (Dkt. 30

at 5). Maldonado goes on to argue that federal "malicious prosecution claims are essentially unlawful seizure claims." (*Id.* at 7). But these are distinct claims, and only the latter is viable in the Seventh Circuit.

Moreover, Maldonado's complaint has not provided Defendants with sufficient notice that he would be bringing an unlawful seizure claim instead of a malicious prosecution claim. *See* Fed. R. Civ. P. 8(a)(2). Maldonado's complaint mentions that "Defendants improperly obtained search warrants . . . [and that] Defendants lacked probable cause for the search warrants." (Dkt. 1 at ¶¶ 24–25). Further, Maldonado alleges in Count I that Defendants' "misconduct . . . was objectively unreasonable, without probable cause and was undertaken intentionally with willful indifference to [Maldonado's] constitutional rights." (*Id.* at ¶ 32). In context, Maldonado's complaint intends for these conclusory allegations to support a malicious prosecution claim, not an unlawful seizure claim.

Maldonado asks that we allow his responses to Defendants' motions to dismiss to supplement his pleadings. But there is no support for allowing a litigant to oppose a motion to dismiss by raising a new count that is absent from the original complaint. Indeed, this Court and other courts in this Circuit have dismissed complaints where parties have attempted to improperly bring malicious prosecution claims under § 1983. *See Blackmon v. City of Chicago*, 2020 WL 60188, at *4 (N.D. Ill. Jan. 6, 2020); *Neita v. City of Chicago*, 2019 WL 5682838, at *4 (N.D. Ill. Nov. 1, 2019). Count I is

therefore dismissed without prejudice for failure to state a claim.[1] Maldonado may bring an unlawful seizure claim in an amended complaint.

### 3. **Maldonado Cannot Bring a Section 1983 Conspiracy Claim**

"To establish conspiracy liability in a § 1983 claim, the plaintiff must show that (1) the individuals reached an agreement to deprive him of his constitutional rights, and (2) overt acts in furtherance actually deprived him of those rights." *Beaman v. Freesmeyer*, 776 F.3d 500, 510 (7th Cir. 2015) (citing *Scherer v. Balkema*, 840 F.2d 437, 442 (7th Cir. 1988)). A "bare allegation of conspiracy" does not suffice at the motion-to-dismiss stage. *Cooney v. Rossiter*, 583 F.3d 967, 970 (7th Cir. 2009) (citing *Bell Atl.*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 684).

Maldonado's complaint does not contain any facts that would allow this Court to reasonably infer that Defendants conspired to violate his constitutional rights. As explained, Maldonado has not alleged a plausible constitutional violation in Count I because the Seventh Circuit does not recognize a malicious prosecution claim under the Fourth Amendment. *Manuel*, 903 F.3d at 670. And Count II relies on Count I. (Dkt. 1 ¶¶ 36–37). To the extent Maldonado bases his conspiracy claim on violations of the Fifth, Sixth, and Fourteenth Amendments, (*see* Dkt. 30 at 8), he does not allege sufficient facts to support these other constitutional violations. While Maldonado recites the elements of conspiracy, the accompanying conclusory statements are not

---

[1] Maldonado's Fourth Amendment claim would also fail because he has not provided sufficient factual support from which this Court may reasonably infer that the defendant-officers arrested or detained him without probable cause. The absence of probable cause is essential to the showing of an unreasonable seizure. *Lewis v. City of Chicago*, 914 F.3d 472, 476 (7th Cir. 2019); *accord Bailey v. United States*, 568 U.S. 186, 192 (2013).

sufficient to state a claim.[2]  *See Toulon*, 877 F.3d at 734 (quoting *Iqbal*, 556 U.S. at 678).

### 4. Maldonado's *Monell* Claim Has Been Voluntarily Dismissed

Defendant Cook County moves to dismiss Maldonado's Count III *Monell* claim pursuant to Rule 12(b)(6).  (Dkt. 21 pp. 5–6).  Maldonado agrees and has requested that the Court dismiss the *Monell* claim.  (Dkt. 30 p. 5).  The proper Federal Rule for dismissal of one count where other counts remain is to consider this an amendment under FRCP 15(a).  *Taylor v. Brown*, 787 F.3d 851, 857–58 (7th Cir. 2015) (stating that Rule 15(a) is the proper vehicle to dismiss a single count, and construing a motion as pursuant to Rule 15(a)); *Loutfy v. R.R. Donnelley & Sons, Co.*, 148 F.R.D. 599, 602 (N.D. Ill. 1993) (a motion to voluntarily dismiss a single claim in a multi-count complaint is properly treated as an amendment under Rule 15(a)).  The Court thus construes Maldonado's response to Cook County Defendants' Motion to Dismiss as a Motion to Amend Pleadings under Rule 15(a).  Accordingly, the Court gives Maldonado leave to amend his pleadings pursuant to this order under Rule 15(a)(2).

### B. State Law Claims

This leaves only state law claims for indemnification, malicious prosecution and IIED (Counts IV–VII).  Having dismissed the only federal claims in this action, the Court will wait to see if Plaintiff can rectify the deficiencies in his complaint by filing

---

[2] Maldonado failed to save the deficient complaint in his responses to Defendants' motions to dismiss by asserting that Defendants worked together to "ensure that he was criminally prosecuted . . . and denied his constitutional rights having been subject to cruel and unusual treatment in the jail . . . and denial of access to his attorney."  (Dkt. 29 at 11); (Dkt. 30 at 8).  This is too weak an assertion to hurdle the high pleading bar for conspiracy claims.  *See Cooney*, 583 F.3d 967 at 971.

an amended one and then determine if it is appropriate to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c)(3); *see also Dietchweiler by Dietchweiler v. Lucas*, 827 F.3d 622, 631 (7th Cir. 2016).

## CONCLUSION

Defendants' motion to dismiss is granted. Section 1983 and the Eleventh Amendment bar Maldonado's claims in Counts I and II against the State of Illinois, the Illinois State Police, and Trooper David in his official capacity. As against the remaining defendants, in Count I, Maldonado has failed to state a claim under the Fourth Amendment pursuant to § 1983, and this claim is dismissed without prejudice. Similarly, Maldonado has failed to state a § 1983 conspiracy claim in Count II, and this claim is dismissed without prejudice.

Maldonado has requested dismissal of his *Monell* claim against Cook County in Count III, and this claim is dismissed without prejudice. Counts IV–VII remain until the Court reviews any amended complaint that may be filed and will determine at that time whether to exercise supplemental jurisdiction over them. Maldonado is granted leave to amend his Fourth Amendment claim consistent with this Opinion within 21 days of the filing of this Opinion.

_____
Virginia M. Kendall
United States District Judge

Date: July 30, 2020