IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSE R. MALDONADO, | ) |
|                 Plaintiff, | ) ) ) |
| v. | ) No. 20 C 213 |
| COUNTY OF COOK, COOK COUNTY SHERIFF DEPARTMENT, SERGEANT WILLIAM MARGALUS, SHERIFF OFFICER CODY LETTIERE, STATE OF ILLINOIS, STATE OF ILLINOIS POLICE DEPARTMENT, and ILLINOIS STATE TROOPER ERIC DAVID, | ) ) ) ) ) ) ) |
|                 Defendants. | ) |

**FIRST AMENDED COMPLAINT**

NOW COMES Plaintiff, JOSE R. MALDONADO, by and through his attorneys, Anthony J. Peraica & Associates, Ltd., and for his First Amended Complaint states as follows:

**JURISDICTION AND VENUE**

1. This action is brought under 42 USC §1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

2. This Court has jurisdiction pursuant to 28 U.S.C.§§1331 and 1343(3) and, supplemental jurisdiction of pendent state claims pursuant to 28 USC §1367.

3. Venue is proper under 28 U.S.C. §1391(b). The parties reside and all transactions and occurrences complained of occurred in the Northern District of Illinois.

**PARTIES**

4. Plaintiff, Jose R. Maldonado, was at all times relevant a resident of the City of Midlothian, County of Cook, State of Illinois in the United States of America.

5. The Department of Illinois State Police ("ISP") is a department of the Executive

1

Branch of the State of Illinois created by statute, 20 ILCS 2605/2605-1, *et seq.*, and administers itself through the State of Illinois.

6. Illinois Police Officers acted under the authority of the ISP and under color of law.

7. The Defendant County of Cook is a municipal corporation duly organized under the laws of the State of Illinois.

8. The County of Cook maintains, manages and/or operates the Defendant Cook County Sheriff's Office.

9. At all times relevant hereto, Sergeant William Margalus and Cook County Sheriff Officer Cody Lettiere were employed by the Cook County Sheriff's Office and were operating under color of law.

10. At all times relevant hereto, Trooper Eric David was an Illinois State Trooper employed by the State of Illinois Police Department and was operating under color of law.

11. Trooper Eric David is sued in his individual capacity.

12. To the extent that there were other unnamed officers and/or supervisors of the Cook County Sheriff's Office or State of Illinois Police Department that were involved in the events giving rise to Plaintiff's claims, Plaintiff will seek leave to amend his complaint upon learning the identity of the unknown Defendants, so as to properly allege their names.

## **FACTS**

13. At all times relevant, the Plaintiff, Jose R. Maldonado was the Chief of Police of the Chicago Heights Park District.

14. Plaintiff had previously gone through the Cook County Sheriff's Correctional Academy in 2013 and for a brief time worked for the Cook County Sheriff's Office.

15. On or about March 7, 2016, Plaintiff was a duly licensed law enforcement officer operating his authorized emergency vehicle approaching an entrance ramp to the I-94 Expressway at Emerald and Canalport in Chicago, Illinois.

16. As Plaintiff drove up the ramp, which was unblocked, he observed a semi-truck with its back wheels wedged precariously on top of a concrete wall.

17. Plaintiff stopped his vehicle immediately and the passenger in his vehicle showed signs and symptoms of a panic attack. Plaintiff activated his emergency lights and sirens and reversed back down the ramp, then drove away seeking medical attention for his passenger.

18. Defendant David pursued Plaintiff's vehicle, and Plaintiff pulled over upon noticing Defendant David's Illinois State Police vehicle approaching.

19. Upon information and belief, Defendant David, through a computer inquiry to the Law Enforcement Agency Database System (LEADS), confirmed that the vehicle was registered to Plaintiff and the Chicago Heights Park District Police Department.

20. Plaintiff identified himself as Chief of Police of the Chicago Heights Park District to Defendant David, presented his credentials, and related that Plaintiff's passenger required medical attention. At all times, Plaintiff engaged Defendant David in a polite, courteous, and respectful manner.

21. Defendant David proceeded to question the legitimacy of Plaintiff's credentials and otherwise berated and demeaned Plaintiff by stating, *inter alia*, "you're not even a real cop," "you're a long way from your jurisdiction," and that Plaintiff had "an attitude."

22. Unlawfully and without probable cause or reasonable suspicion, Defendant David detained Plaintiff on the side of the road for several hours and ultimately arrested Plaintiff. Defendant David intentionally and improperly handcuffed Plaintiff, causing pain, bruising, and swelling to

Plaintiff's wrists. In his reports, Defendant David described Plaintiff as "cocky," "arrogant," and "passive aggressive."

23. A criminal complaint was filed against Plaintiff in the Circuit Court of Cook County related to the March 7, 2016 incident as described above, *People v. Maldonado*, 16-CR-6469.

24. On or about June 1, 2016, at a traffic court appearance, Defendant David took photographs of Plaintiff using his mobile phone in open court.

25. Upon information and belief, Defendant David intended to share those photographs with other law enforcement officers, including the co-Defendants named herein, to further mock and belittle Plaintiff.

26. On or about August 15, 2018, an arrest warrant was issued for Jose R. Maldonado for false personation of a law enforcement official. No complainant was listed on the arrest warrant but it did indicate that the agency was Midlothian Police Department.

27. A criminal complaint was filed against the Plaintiff, *People v. Maldonado*, 18-CR-1424701, in the Circuit Court of Cook County for false personation.

28. The arrest warrant and criminal complaint were unsupported by probable cause as Plaintiff was, in fact, a law enforcement official.

29. Upon information and belief, Defendants David, Margalus, Lettiere, and unknown officers, supervisors, and deputies of the Cook County Sheriff's Office, State of Illinois Police Department, and other law enforcement agencies knew that Plaintiff was a law enforcement official at the time the arrest warrant was issued and the criminal complaint was filed.

30. Upon information and belief, Defendants David, Margalus, Lettiere, and unknown officers, supervisors, and deputies of the Cook County Sheriff's Office, State of Illinois Police Department, and other law enforcement agencies acted in concert and by agreement to falsely

accuse, secure an arrest warrant and criminal complaint against, and seize and detain Plaintiff for false personation of a law enforcement official, and otherwise violate Plaintiff's Constitutional rights in order to cause Plaintiff embarrassment and to further mock and belittle Plaintiff.

31. Upon information and belief, Defendants David, Margalus, Lettiere, and unknown officers, supervisors, and deputies of the Cook County Sheriff's Office, State of Illinois Police Department, and other law enforcement agencies furthered their scheme by making knowingly false statements to secure an arrest warrant for Plaintiff and to support the criminal complaint against him.

32. Upon learning of the warrant, on August 30, 2018, Plaintiff turned himself in.

33. On or about August 30, 2018, the Plaintiff was prevented from speaking with his attorney by Defendant Margalus.

34. Upon information and belief, Defendant Margalus made false statements regarding Plaintiff's whereabouts to his attorney to unlawfully deprive Plaintiff of his right to counsel and extend Plaintiff's detention.

35. Upon information and belief, Defendant Margalus's false statements were in furtherance of his scheme with Defendants David, Lettiere, and unknown officers, supervisors, and deputies of the Cook County Sheriff's Office, State of Illinois Police Department, and other law enforcement agencies to deprive Plaintiff of his Constitutional rights, and particularly his right to be free from unlawful and unreasonable seizure.

36. While Plaintiff was in custody, upon information and belief, Defendant Lettiere posted the Plaintiff's picture and location in the Cook County jail on Facebook and other social media, referenced Plaintiff's March 7, 2016 arrest, and encouraged others to give Plaintiff work assignments in order to mock, belittle, and harass Plaintiff with Defendants David, Margalus, and unknown officers,

supervisors, and deputies of the Cook County Sheriff's Office, State of Illinois Police Department, and other law enforcement agencies.

37. Upon information and belief, Defendant Lettiere intentionally endangered Plaintiff by posting Plaintiff's picture and location on social media, in furtherance of his scheme with Defendants David, Margalus, and unknown officers, supervisors, and deputies of the Cook County Sheriff's Office, State of Illinois Police Department, and other law enforcement agencies to deprive Plaintiff of his Constitutional rights, and particularly his right to be free from cruel and unusual punishment..

38. Plaintiff spent 6 days in jail/detention while being processed and bond was set, during which time Plaintiff was subject to long periods of deprivation of food and water, lack of toilet paper, unsanitary conditions in his cell, and threats of harm from inmates who were made aware that Plaintiff was a law enforcement official by and through Defendants on social media and in person.

39. Despite a court order for Plaintiff to be kept in protective custody due to his law enforcement background, Plaintiff was placed in the general population holding cells.

40. These conditions and circumstances cause Plaintiff great emotional distress, anxiety, fear for his life, and embarrassment.

41. Plaintiff was released on bond on September 4, 2018.

42. On January 14, 2019, after a bench trial before the Honorable Judge Michele Pittman, the Plaintiff, Jose R. Maldonado was found not guilty of the charge of False Personation of an Officer.

43. On March 12, 2019, Plaintiff was informed that the Assistant State's Attorney's office was dismissing the criminal charges for the traffic stop and DUI arrest that occurred on March 7, 2016; *People v. Maldonado*, 16-CR-6469, based on the merits of the case.

44. The Defendants unlawfully obtained arrest warrants against Plaintiff.

45. Upon information and belief, Defendants lacked probable cause for the arrest warrant. The tactics used by the Defendants violated the Plaintiff's constitutional rights under the Fifth, Sixth, Fourteenth and Fourth Amendments to the United States Constitution.

46. Defendants caused Plaintiff to be arrested and charged criminally without just cause or provocation and in violation of Plaintiff's Constitutional rights and Illinois law.

47. As a direct and proximate result of the above acts, Plaintiff was deprived of his rights secured by the Fourth and Fourteenth Amendment when he was interrogated without his requested counsel and Defendants used unlawful and false evidence against the plaintiff.

48. As a result of the Defendants' conduct, Plaintiff suffered great mental anguish, humiliation, depression, degradation, physical and emotional pain and suffering, inconvenience, future pecuniary losses and other consequential damages.

49. Plaintiff has been acquitted and found not guilty of all charges.

**COUNT I – Defendants David, Margalus, Lettiere, Cook County Sheriff's Office, County of Cook, and Unknown Officers**
(42 **U.S.C § 1983 – 4**$^{th}$ **Amendment Unlawful Seizure**)

50. Plaintiff restates and re-alleges paragraphs 1 through 49 above as if fully set forth herein.

51. In committing the acts alleged in the preceding paragraphs, Defendants David, Margalus, Lettiere, Cook County Sheriff's Office, and Unknown Officers, individually, jointly, and in conspiracy, as well as under color of law, caused Plaintiff to be deprived of his Fourth Amendment right to be free from unlawful seizure as provided for in the U.S. Constitution.

52. The misconduct described in this Count was objectively unreasonable, without probable cause, and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

53. The Defendant Officers, while acting individually, jointly and in conspiracy, fabricated

7

evidence against the Plaintiff to allow for arrest and criminal prosecution.

54. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Cook County Sheriff's Office and by extension the Defendant County of Cook.

55. As a result of this violation, the Plaintiff suffered pain and injury, and a long drawn out criminal trial, as well as, deprivation of liberty and severe emotional distress.

WHEREFORE, Plaintiff demands substantial compensatory damages against Defendants David, Margalus, Lettiere, Cook County Sheriff's Office, and Unknown Officers, plus attorney's fees and costs, liquidated damages as Defendants acted with malice and without probable cause, and any such other and additional relief as this Court deems just and equitable.

**COUNT II – Defendants David, Margalus, Lettiere, Cook County Sheriff's Office, County of Cook, and Unknown Officers**
(43 U.S.C § 1983 – 8th Amendment Cruel and Unusual Punushment)

56. Plaintiff restates and re-alleges paragraphs 1 through 49 above as if fully set forth herein.

57. In committing the acts alleged in the preceding paragraphs, Defendants David, Margalus, Lettiere, Cook County Sheriff's Office, and Unknown Officers, individually, jointly, and in conspiracy, as well as under color of law, caused Plaintiff to be deprived of his Eighth Amendment right to be free from cruel and unusual punishment as provided for in the U.S. Constitution.

58. The misconduct described in this Count was objectively unreasonable, without probable cause, and was undertaken intentionally with willful and deliberate indifference to Plaintiff's constitutional rights and safety in the face of a significant risk of harm to Plaintiff by other inmates.

59. The Defendant Officers, while acting individually, jointly and in conspiracy, deprived Plaintiff of basic necessities and endangered his well-being in order to intentionally and willfully humiliate and demean Plaintiff.

60. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Cook County Sheriff's Office and by extension the Defendant County of Cook.

61. As a result of this violation, the Plaintiff suffered pain and injury, anxiety, and severe emotional distress.

WHEREFORE, Plaintiff demands substantial compensatory damages against Defendants David, Margalus, Lettiere, Cook County Sheriff's Office, and Unknown Officers , plus attorney's fees and costs, liquidated damages as Defendants acted with malice and without probable cause, and any such other and additional relief as this Court deems just and equitable.

### COUNT III - Defendants David, Margalus, Lettiere, Cook County Sheriff's Office, County of Cook, and Unknown Officers
### (42 U.S.C § 1983 -- Conspiracy to Deprive Constitutional Rights)

62. Plaintiff restates and re-alleges paragraphs 1 through 61 above as if fully set forth herein.

63. Upon information and belief, in committing the acts alleged in the preceding paragraphs, Defendant David, Margalus, Lettiere, Cook County Sheriff's Office, and Unknown Officers reached an agreement to falsely arrest and frame Plaintiff for crimes he did not commit, unlawfully detain Plaintiff, and subject Plaintiff to cruel and unusual punishment and to thereby deprive Plaintiff of his constitutional rights, all as described more fully throughout this Complaint.

64. In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

65. The misconduct described in this Count was undertaken with malice, willfulness and reckless indifference to the rights of Plaintiff.

66. As a result of this conduct, Plaintiff suffered pain and injury, as well as, deprivation of

liberty and severe emotional distress.

WHEREFORE, Plaintiff demands substantial compensatory damages against Defendants David, Margalus, Lettiere, Cook County Sheriff's Office, and Unknown Officers, plus attorney's fees and costs, liquidated damages and any such other and additional relief as this Court deems just and equitable.

## COUNT IV
### (*Monell* Claim Against Defendant Cook County Sheriff's Office)

67. Plaintiff restates and re-alleges paragraphs 1 through 66 above as if fully set forth herein.

68. The constitutional violations set forth in Counts I through III were caused by the deliberate indifference of the Cook County Sheriff's Office such that the Cook County Sheriff's Office itself is liable for the violations of Plaintiff's constitutional rights.

69. It is the culture, custom and/or widespread practice of the Cook County Sheriff's Office that it does not conduct investigations into all cases of officer misconduct that are brought to the attention of the Cook County Sheriff's Office.

70. Only the most egregious violations subject County Officers to discipline, despite the Cook County Sheriff's Office's Rules of Conduct providing that any violation of a law or ordinance is subject to discipline.

71. The conduct of the Defendant Officers in violating Plaintiff's constitutional rights was undertaken pursuant to the policy and widespread practices of the Cook County Sheriff's Office in that:

   a. The Defendant officers failed to perform their duty by failing to properly investigate; upon information and belief, none of the officers have been disciplined;

    b. The Defendant officers showed incompetency of inefficiency in the performance of duty by failing to consider other leads or properly investigating the situation; upon information and belief, none of the officers have been disciplined;

    c. The Defendant Officers made a false report, written or oral; upon information and belief, none of the officers have been disciplined;

    d. As a matter of both policy and practice, the Cook County Sheriff's Office directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately discipline, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

    e. As a matter of both policy and practice, the Cook County Sheriff's Office facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading its officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff; and

    f. Other acts of negligence.

72. Defendant Cook County Sheriff's Office maintained these policies and widespread practices in deliberate indifference to the foreseeable consequences including the violations of Plaintiff's rights.

73. Defendant Cook County Sheriff's Office's deliberate indifference to these polices and widespread practices were the moving force behind the violation of Plaintiff's constitutional rights.

74. As a result of Defendant Cook County Sheriff's Office conduct in causing the constitutional violations, Plaintiff suffered pain and injury, as well as, deprivation of liberty and severe emotional distress.

WHEREFORE, Plaintiff demands substantial compensatory damages against Defendant Cook County Sheriff's Office, plus attorney's fees and costs, and any such other and additional relief as this Court deems just and equitable.

## COUNT V
### (745 ILCS 10/9-101 – Indemnification; Cook County)

75. Plaintiff restates and re-alleges paragraphs 1 through 74 above as if fully set forth herein.

76. Defendant County of Cook is the employer of Defendants Cook County Sergeant William Margalus and Cook County Sheriff Officer Cody Lettiere.

77. The Defendant Officers committed the acts alleged above under color of law and in the scope of their employment as employees of the County of Cook.

WHEREFORE, Plaintiff demands that if any non-punitive damages, fees or costs are awarded against the Defendant Officers, then the County of Cook should be liable to pay the award.

## COUNT VI
### (745 ILCS 10/9-101 – Indemnification; State of Illinois)

78. Plaintiff restates and re-alleges paragraphs 1 through 74 above as if fully set forth herein.

79. Defendant State of Illinois is the employer of Defendant Trooper Eric David.

80. The Defendant Officer committed the acts alleged above under color of law and in the scope of his employment with the State of Illinois.

WHEREFORE, Plaintiff demands that if any non-punitive damages, fees or costs are awarded against the Defendant Trooper David, then the State of Illinois should be liable to pay the award.

## SUPPLEMENTAL STATE LAW CLAIMS

### COUNT VII
### (Malicious Prosecution)

81. Plaintiff restates and re-alleges paragraphs 1 through 66 above as if fully set forth herein.

82. Defendant Officers caused Plaintiff to be improperly subjected to judicial proceedings for which there was no probable cause.

83. These judicial proceedings were instituted and/or continued maliciously and without probable cause, resulting in injury.

84. The Defendants accused Plaintiff of criminal activity knowing those accusations to be without probable cause, and they made statements to prosecutors with the intent of exerting influence to institute and continue the judicial proceedings.

85. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff.

86. The Defendant Officers performed the actions complained of while on duty and in the

employ of Defendant Cook County Sheriff's Office or State of Illinois Police Department, while acting within the scope of their employment.

87. As a result of this misconduct, Plaintiff sustained and continues to sustain pain and injury, as well as, deprivation of liberty, damage to reputation, pain and suffering and emotional distress.

WHEREFORE, Plaintiff demands substantial compensatory damages and liquidated damages in an amount sufficient to deter similar misconduct, jointly and severally from the Defendants, plus costs, attorney's fees and whatever additional relief this Court deems just and equitable.

## COUNT VIII
**(Intentional Infliction of Emotional Distress)**

88. Plaintiff restates and re-alleges paragraphs 1 through 74 and 81 through 87 above as if fully set forth herein.

89. The above-detailed conduct by the Defendants was extreme and outrageous.

90. Defendant Officers performed the acts detailed above with the intent of inflicting severe emotional distress on Plaintiff with knowledge of the high probability that the conduct would cause such distress.

91. As a direct and proximate result of this conduct, Plaintiff did in fact suffer severe emotional distress.

WHEREFORE, Plaintiff demands substantial compensatory damages and liquidated damages in an amount sufficient to deter similar misconduct, jointly and severally from the Defendants, plus costs, attorney's fees and whatever additional relief this Court deems just and equitable.

                                                                    Respectfully submitted,

                                                                    <u>s/ Anthony J. Peraica</u>

Anthony J. Peraica, ARDC NO.: 6186661  
Anthony J. Peraica & Associates, Ltd.  
5130 S. Archer Avenue  
Chicago, IL  60632  
(773) 735-1700