**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JOSE R. MALDONADO, | ) ) ) |
| *Plaintiff*, | ) ) No. 20 C 213 |
| v. | ) ) Judge Virginia M. Kendall |
| COUNTY OF COOK, et al., | ) ) |
| *Defendants*. | ) ) |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Defendants' Motions to Dismiss Plaintiff's First Amended Complaint. [Dkts. 43, 45]. The Court previously granted Defendants' Motions to Dismiss finding that Plaintiff failed to state a claim upon which relief could be granted. [Dkt. 38]. Plaintiff filed his Amended Complaint alleging violations of 42 U.S.C § 1983 for unlawful seizure, cruel and unusual punishment, and conspiracy against, and a *Monell* claim against the Cook County Sheriff's Office. Plaintiff further brings state law claims for indemnification against Cook County and the State of Illinois, as well as supplemental claims for malicious prosecution and intentional infliction of emotional distress. Because Plaintiff has failed to state any of his federal claims, the Court grants Defendants' Motions to Dismiss with prejudice. The Court declines to grant supplemental jurisdiction over his remaining state law claims.

**BACKGROUND**

On a motion to dismiss under Rule 12(b)(6), the Court accepts the complaint's well-pleaded factual allegations, with all reasonable inferences drawn in the non-moving party's favor, but not its legal conclusions. *See Smoke Shop, LLC v. United States*, 761 F.3d 779, 785 (7th Cir.

2014). The following factual allegations are taken from Maldonado's complaint and are assumed true for purposes of this motion. *W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016).

Maldonado was the Chief of Police of the Chicago Heights Park District and had previously gone through the Cook County Sheriff's Correctional Academy in 2013 and for a brief time worked for the Cook County Sheriff's Office. (Dkt. 39 ¶¶ 13–14). On March 7, 2016, Maldonado was driving his authorized emergency vehicle and approached an entrance ramp to the I-94 Expressway at Emerald and Canalport in Chicago. (*Id.* ¶ 15). As he drove up the ramp, he saw a semi-truck with its back wheels wedged precariously on top of a concrete wall. (*Id.* ¶ 16). Plaintiff stopped his car a passenger in his car showed signs of a panic attack so he activated his emergency lights and sirens, reversed down the ramp, and drove away to seek medical attention for his passenger. (*Id.* ¶ 17). Defendant Eric David, an Illinois State Trooper, pursued Plaintiff and pulled him over. (*Id.* ¶ 18). Trooper David, through a computer inquiry to the Law Enforcement Agency Database System (LEADS), confirmed that the vehicle was registered to Maldonado and the Chicago Heights Park District Police Department. (*Id.* ¶ 19). Plaintiff politely identified himself as Chief of Police of the Chicago Heights Park District to Trooper David, presented his credentials, and related that his passenger required medical attention. (*Id.* ¶ 20). Trooper David questioned the legitimacy of his credentials and demeaned Plaintiff by stating, "you're not even a real cop," "you're a long way from your jurisdiction," and that Plaintiff had "an attitude." (*Id.* ¶ 21).

Without probable cause or reasonable suspicion, Trooper David detained Plaintiff on the side of the road for several hours and ultimately arrested him. (*Id.* ¶ 22). Trooper David intentionally and improperly handcuffed Plaintiff, causing pain, bruising, and swelling to

Plaintiff's wrists. (*Id.*). Trooper David described Plaintiff as "cocky," "arrogant," and "passive aggressive" in his reports. (*Id.*).

A criminal complaint entitled *People v. Maldonado*, 16-CR-6469, was filed against Plaintiff in the Circuit Court of Cook County and related to the March 7, 2016 incident as described above. (*Id.* ¶ 23). The public record shows that Maldonado was charged with driving under the influence. Later, at a traffic court appearance on June 1, 2016, Trooper David took photographs of Plaintiff using his mobile phone in open court which Plaintiff believes Trooper David intended to share with other law enforcement officers to mock and belittle Plaintiff. (*Id.* ¶¶ 24–25).

Two years later, on August 15, 2018, an arrest warrant was issued for Maldonado for false personation of a law enforcement officer. (*Id.* ¶ 26). Another criminal complaint was filed against him, *People v. Maldonado*, 18-CR-1424701, in the Circuit Court of Cook County for false personation. (*Id.* ¶ 27). The arrest warrant and criminal complaint were unsupported by probable cause because Plaintiff was a law enforcement official, which Defendants Trooper David, Sergeant William Margalus, Cook County Sheriff Officer Cody Lettiere and other employees of the Cook County Sheriff's Office and State of Illinois Police Department were allegedly aware and thereby acted in concert to falsely accuse, secure an arrest warrant, and detain Plaintiff. (*Id.* ¶ 28–30). Trooper David, Sgt. Margulus, Officer Lettiere and other employees of the Cook County Sheriff's Office and State of Illinois Police Department furthered their scheme by making knowingly false statements to secure an arrest warrant for Plaintiff and to support the criminal complaint against him. (*Id.* ¶ 31). The First Amended Complaint does not say which complaint.

On August 30, 2018, after learning about the warrant, Plaintiff turned himself in to police. (*Id.* ¶ 32). Plaintiff was prevented from speaking with his attorney by Sgt. Margulus, who made false statements about Plaintiff's whereabouts to his attorney to unlawfully deprive Plaintiff of his

3

right to counsel and to extend his detention. (*Id.* ¶ 33–34). Sgt. Margulus's false statements were in furtherance of his scheme to deprive Plaintiff of his Constitutional rights with Trooper David, Officer Lettiere, and other employees of the Cook County Sheriff's Office and State of Illinois Police Department. (*Id.* ¶ 35). While Plaintiff was in custody, Officer Lettiere posted the Plaintiff's picture and location in the Cook County jail on Facebook and other social media, referenced Plaintiff's March 7, 2016 arrest, and encouraged others to give Plaintiff work assignments in order to mock, belittle, and harass Plaintiff with Defendants. (*Id.* ¶ 36). Upon information and belief, Officer Lettiere intentionally endangered Plaintiff by posting Plaintiff's picture and location on social media, in furtherance of his scheme with Defendants. (*Id.* ¶ 37).

Plaintiff spent six days detained in jail while being processed and bond was set, during which time Plaintiff was subject to long periods of deprivation of food and water, lack of toilet paper, unsanitary conditions in his cell, and threats of harm from inmates who were made aware that Plaintiff was a law enforcement official by and through Defendants on social media and in person. (*Id.* ¶ 38). Despite a court order for Plaintiff to be kept in protective custody due to his law enforcement background, Plaintiff was placed in the general population holding cells. (*Id.* ¶ 39). These conditions and circumstances cause Plaintiff great emotional distress, anxiety, fear for his life, and embarrassment. (*Id.* ¶ 40). Plaintiff was released on bond on September 4, 2018. (*Id.* ¶ 41).

On January 14, 2019, after a bench trial before the Honorable Judge Michele Pittman, Maldonado was found not guilty of the charge of False Personation of an Officer. (*Id.* ¶ 42.). On March 12, 2019, Plaintiff was informed that the Assistant State's Attorney's office was dismissing the criminal charges for the traffic stop and DUI arrest that occurred on March 7, 2016 in *People*

*v. Maldonado*, 16-CR-6469, based on the merits of the case. (*Id.* ¶ 43). Plaintiff has been acquitted and found not guilty of all charges. (*Id.* ¶ 49).

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Olson v. Champaign Cty.*, 784 F.3d 1093, 1099 (7th Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Toulon v. Cont'l Cas. Co.*, 877 F.3d 725, 734 (7th Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678). This means that the plaintiff must "give enough details about the subject-matter of the case to present a story that holds together." *Vanzant v. Hill's Pet Nutrition, Inc.*, 934 F.3d 730, 736 (7th Cir. 2019) (quoting *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir.2010)).

## DISCUSSION

Plaintiff brings both federal and state law claims. In Count I, Plaintiff brings a §1983 claim alleging violation of his Fourth Amendment rights for alleged unlawful seizure against Trooper David, Sgt. Margalus, Officer Lettiere, Cook County Sheriff's Office, and Cook County. In Count II, Plaintiff raises an Eighth Amendment claim under §1983 against the same Defendants for cruel and unusual punishment. In Count III, Plaintiff alleges a conspiracy under §1983 by Defendants Trooper David, Sgt. Margalus, Officer Lettiere, Cook County Sheriff's Office, the County of Cook, and Unknown Officers to deprive him of his rights. In Count IV, Plaintiff raises a *Monell* claim against the Cook County Sheriff's Office for its alleged deliberate indifference and policy failures

in violating Plaintiff's Constitutional rights. Finally, Plaintiff brings state law claims for malicious prosecution in Count VII and for Intentional Infliction of Emotional Distress ("IIED") in Count VIII against all Defendants.

The Court reviewed the original Complaint and dismissed it for various reasons giving Plaintiff sufficient guidance as to the problems with the pleading in a 12-page Opinion. Unfortunately, the First Amended Complaint suffers from the same deficiencies. Frustratingly, both Complaints fail to identify what specific actions each defendant took to show that he is liable for a violation of the law. There are two arrests in the Complaints separated by two years; law enforcement officers from three different agencies mentioned without any reference to which officer committed which act. The use of passive voice throughout the complaints makes it nearly impossible to determine the subject of any given action. But a complaint is used to inform a defendant of the charges against him, and without alleging specific acts by specific actors, defendants cannot be put on notice of the charges. Plaintiff is the captain of his complaint and should be able to recite facts to fulfill the elements of his claims. Even after being given ample guidance and opportunity to do so here, Plaintiff's claims fail. For the reasons discussed below, Plaintiff's federal claims are dismissed with prejudice and the Court declines to exercise supplemental jurisdiction over his remaining state law claims.

  **I.  Claims Against the County**

Plaintiff brings claims against Cook County under 42 U.S.C § 1983 for Unlawful Seizure and Cruel and Unusual Punishment and Conspiracy to Deprive Constitutional Rights, and indemnification. Plaintiff cannot sustain his claims against Cook County. It is well-settled in Illinois that a county's *respondeat superior* liability extends only to county employees and not to independent county officers. *Moy v. County of Cook*, 640 N.E.2d 926 (1994). In Illinois, sheriffs

are independently elected officials not subject to the control of the county. *Thompson v. Duke*, 88 F.2d 1180, 1187 (7th Cir. 1989). Therefore, Cook County has no authority to control the Sheriff of Cook County or his officers. *See Acevedo v. Robinson*, 99 C 3239, 2000 WL 185797, *2 (N.D. Ill. February 16, 2000) ("The Sheriff of Cook County is an independently elected official and acts independently from the County Board. The County of Cook has no authority to control the Sheriff of Cook County or his officers and cannot be held liable for any actions relating to the operation and supervision of the Cook County Jail.") (internal citations omitted).

Plaintiff concedes that Cook County is not liable for the actions of Sgt. Margalus, Officer Lettiere, or Cook County Sheriff's Office under a vicarious or *respondeat superior* liability theory as county officers as opposed to county employees. (Dkt. 51 at 7). Plaintiff maintains that he can proceed with his state law claim for indemnification against the County, but as the Court is not exercising its supplemental jurisdiction over the state law claims, it need not reach this question.[1]

**II.    Failure to Prosecute**

Plaintiff has failed to serve Defendant Cook County Sheriff's Department. The Court "must dismiss" a complaint if a plaintiff fails to properly serve the Defendants within 90 days after filing the Complaint. Fed. R. Civ. P. 4(m). Such a dismissal may be with prejudice "if the plaintiff's delay in obtaining service is so long that it signifies failure to prosecute." *Williams v. Illinois*, 737 F.3d 473, 476 (7th Cir. 2013). Plaintiff first filed his Complaint on January 10, 2020, and filed his First Amended Complaint on August 20, 2020. This delay is not explained by Plaintiff. Accordingly, as Plaintiff has had over a year and ample opportunity to serve the Defendants, all claims against Cook County Sheriff's Department are dismissed with prejudice.

---

[1] The Court notes that Plaintiff also brings a claim against the State for indemnification, but this Court has already ruled that the State of Illinois, the Illinois State Police, and any official capacity claims against Trooper David are barred by the Eleventh Amendment. (Dkt. 38 at 5–7). That reasoning still applies here.

### III. Section 1983 Claims

To plead a § 1983 claim, a Plaintiff must allege a deprivation of a constitutional right or statutory right by a person or persons acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015). Further, § 1983 claims must be premised on personal involvement, not vicarious liability: "a plaintiff must plead that each Government-official defendant, through the officials own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

#### A. Unlawful Seizure

Plaintiff first raises claims against Trooper David, Sgt. Margalus, Officer Lettiere, Cook County Sheriff's Office, and Cook County for Fourth Amendment violations arising out of his alleged unlawful seizure. At the outset, the Court notes that Plaintiff's unlawful seizure claims stem out of two unrelated events. Plaintiff's unlawful seizure claim against Trooper David relates to his March 7, 2016 arrest by Trooper David. (Dkt. 39 ¶ 15). Plaintiff's unlawful seizure claim against Sgt. Margalus and Officer Lettiere relates to his August 2018 arrest for false personation of a law enforcement officer. (*Id.* ¶ 26).

Trooper David argues that the unlawful seizure claim against him must be dismissed on the basis of the statute of limitations. The statute of limitations is an affirmative defense, and "'complaints need not anticipate and attempt to plead around defenses.'" *Chicago Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 613 (7th Cir. 2014) (quoting *United States v. N. Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004)). A defendant is permitted to raise a statute of limitations defense at the motion to dismiss stage "if 'the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense.'" *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009) (quoting *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005)). If, however,

8

there is "any set of facts that if proven would establish a defense to the statute of limitations," then the motion to dismiss should be denied. *Clark v. City of Braidwood*, 318 F.3d 764, 768 (7th Cir. 2003)

Claims brought under § 1983 are governed by the statute of limitations for personal-injury claims in the state where the plaintiff's injury occurred. *Savory v. Lyons*, 469 F.3d 667, 672 (7th Cir. 2006). In Illinois, the statute of limitations for personal-injury actions is two years from when the cause of action accrued, *id*.; 735 ILCS 5/13-202, and a Fourth Amendment claim accrues at the time of the search or seizure. *Neita v. City of Chicago*, 830 F.3d 494, 490 (7th Cir, 2016) ((citing *Wallace v. Kato*, 549 U.S. 384, 396 (2007)).

Here, the only allegations that Trooper David unlawfully seized Plaintiff took place in 2016 when he pursued Plaintiff and pulled him over, demeaned him, and ultimately arrested him. (Dkt. 39 ¶¶ 15 – 22). These allegations are clearly outside the two-year statute of limitations as Plaintiff filed this lawsuit on January 10, 2020. (Dkt. 1). Importantly, Plaintiff has not alleged any facts that Trooper David was involved in his August 2018 arrest. In his response brief, Plaintiff confusingly argues without support that Plaintiff's Fourth Amendment claim relating to his 2016 arrest "could not have been presented prior to the dismissal of his case due to the risk of inconsistent rulings," (Dkt. 52 at 5), but this is not so. Plaintiff does not allege that Trooper David was involved at all in his 2018 arrest and, as alleged, the events of 2016 and 2018 are clearly distinct. Accordingly, the statute of limitations bars any Fourth Amendment claim against Trooper David.

Plaintiff raises claims for unlawful seizure relating to his 2018 arrest for false personation against Cook County, Sgt. Margalus, and Officer Lettiere. Plaintiff alleges that on or about August 15, 2018, an arrest warrant was issued for Jose R. Maldonado for false personation of a law

9

enforcement official. (Dkt. 39 ¶ 26). No complainant was listed on the arrest warrant, but the First Amended Complaint indicates that the issuing agency was the Midlothian Police Department. (*Id.*). Plaintiff alleges that the arrest warrant and criminal complaint were unsupported by probable cause because Plaintiff was in actuality a law enforcement official. (*Id.* ¶ 28). Plaintiff alleges that "upon information and belief," Defendants and other officers knew that Plaintiff was a law enforcement official at the time the arrest warrant was issued and that they acted in concert and by agreement to falsely accuse and arrest Plaintiff. (*Id.* ¶¶ 30, 31).

Plaintiff has not alleged a sufficient personal basis for Sgt. Margalus or Officer Lettiere's involvement for unlawful seizure. Plaintiff pleads that no complainant was listed on the arrest warrant, and the only agency listed was the Midlothian Police Department. Yet, "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir.1996).; *see also Iqbal*, 556 U.S. at 676 (Section 1983 claims must be based on personal liability and "a plaintiff must plead that each Government-official defendant, through the officials own individual actions, has violated the Constitution.").

Plaintiff's fails to allege any personal involvement by Sgt. Margalus or Officer Lettiere in his arrest or prosecution. Plaintiff specifically alleges "upon information and belief," that these Defendants knew that Plaintiff was a law enforcement official at the time the arrest warrant was issued and that they acted in concert to falsely accuse and arrest Plaintiff. (*Id.* ¶¶ 30, 31). But such vague and conclusory allegations are insufficient. Plaintiff does not allege that the Defendants personally filled out the arrest warrant knowing it was unsupported by probable cause, seized Plaintiff, charged Plaintiff, or prosecuted Plaintiff. In Plaintiff's Response, he alleges for the first time Defendants "arrested Plaintiff." (Dkt. 51 at 9). However, this allegation does not

10

appear in his First Amended Complaint. Instead, Plaintiff has pled that the arrest warrant was issued by the Midlothian Police Department, an agency unrelated to any of the Defendants, and that he was detained upon turning himself in to the Midlothian Police Department. (Dkt. 39 ¶¶ 26, 27, 32). He also does not plead that Defendants filed the criminal complaint for false personation in *People v. Maldonado*, 18- CR-1424701. (*Id.*¶ 27). The only allegations that are specific to Sgt. Margalus or Officer Lettiere are post-detention facts that Sgt. Margalus did not allow Plaintiff to talk to his attorney and Officer Lettiere posted Plaintiff's photos on social media. Neither of these allegations pertain to Plaintiff's Fourth Amendment claim for unlawful seizure. Since Plaintiff's warrant was issued by the Midlothian Police Department and he turned himself into this agency, which is unrelated to Defendants, Plaintiff has failed to plead personal responsibility on the part of the Defendant officers necessary for his unlawful seizure claim. *Vance*, 97 F.3d at 991.

        **B.**      **Cruel and Unusual Punishment**

Plaintiff brings his cruel and unusual punishment claim under the Eighth Amendment. However, as Defendants correctly point out and as Plaintiff recognizes, Plaintiff was a pre-trial detainee and the Eighth Amendment does not apply. *See Kingsley v. Hendrickson*, 576 U.S. 389 (2015); *Miranda v. County of Lake*, 900 F.3d 335 (7th Cir. 2018). Instead, any claim brought by a pretrial detainee must be brought under the Fourteenth Amendment. *Miranda*, 900 F.3d at 352. Plaintiff, in his response argues that his claim is viable under the Fourteenth Amendment. The Court will not dismiss the claim merely because Plaintiff has identified the wrong legal theory as "[a] complaint need not identify legal theories, and specifying an incorrect theory is not a fatal error." *King v. Kramer*, 763 F.3d 635, 642 (7th Cir. 2014). Instead, the Court will determine whether the allegations state a § 1983 claim under the Fourteenth Amendment.

11

"[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that amount to punishment." *Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017). "[P]unishment can consist of actions taken with an expressed intent to punish," or, "in the absence of an expressed intent to punish, a pretrial detainee can nevertheless prevail by showing that the actions are not rationally related to a legitimate nonpunitive governmental purpose or that the actions appear excessive in relation to that purpose." *Kingsley v. Hendrickson*, 576 U.S. 389, 397-98 (2015). To prevail on such a claim, a plaintiff must plead that the defendants' conduct was objectively unreasonable based on the facts and circumstances of his particular case. *Id.*; *Hardeman v. Curran*, 933 F.3d 816, 823 (7th Cir. 2019). For § 1983 claims against individuals, "liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009).

Once again, Plaintiff's claim fails because he does not allege any personal involvement on the part of the Defendants. Plaintiff only alleges that "Plaintiff spent 6 days in jail/detention while being processed and bond was set, during which time Plaintiff was subject to long periods of deprivation of food and water, lack of toilet paper, unsanitary conditions in his cell, and threats of harm from inmates who were made aware that Plaintiff was a law enforcement official by and through Defendants on social media and in person. Despite a court order for Plaintiff to be kept in protective custody due to his law enforcement background, Plaintiff was placed in the general population holding cells." (Dkt. 39 at ¶¶ 38, 39). The only allegations that specifically implicate a Defendant are that Officer Lettiere uploaded Plaintiff's picture and location on social media and that he encouraged others to give Plaintiff work assignments in order to mock, belittle, and harass Plaintiff with Defendants. (*Id.* at ¶¶ 36, 37). However, Officer Lettiere's social media activities

12

would not implicate the Fourteenth Amendment as it is not a condition of holding Plaintiff as a pretrial detainee, and it certainly would not amount to punishment. *Mulvania*, 850 F.3d 849, 856 (7th Cir. 2017). Conditions of punishment that humiliate a pretrial detainee including unnecessary strip searches, *Peckham v. Wisconsin Dep't of Corrections*, 141 F.3d 694, 697 (7th Cir. 1998); refusing to remove hand restraints to cause the detainee to urinate himself, *Davis v. Wessel*, 792 F.3d 793, 805 (7th Cir. 2015); or having a detainee's bathroom activities being monitored by female guards when this violated his religious beliefs and was intended to humiliate him, *Courtney v. Devore*, 595 Fed. App'x 618, 619–20 (7th Cir. 2015). The Court cannot find support that a law enforcement officer who posted a pretrial detainee's image on social media would constitute brutal treatment that would implicate the Fourteenth Amendment. *See Hart v. Sheahan*, 396 F.3d 887, 892–93 (7th Cir. 2005) ("[W]hen the issue is whether brutal treatment should be assimilated to punishment, the interests of the prisoner is the same whether he is a convict or a pretrial detainee. In either case he… has an interest in being free from gratuitously severe restraints and hazards, while the detention facility has an interest in protecting the safety of inmates and guards and preventing escapes.").

Certainly, the other allegations that Plaintiff has pleaded, including being subject to long periods of deprivation of food and water, lack of toilet paper, unsanitary conditions in his cell, could constitute brutal treatment, but there is no allegation of personal involvement or knowledge on the part of the Defendants. *See Williams v. Shah*, 927 F.3d 476, 482 (7th Cir. 2019) (Defendant must have "had some personal involvement in the alleged constitutional deprivation"); *see also Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (same). And while it is feasible that giving Plaintiff work assignments for the purpose of humiliating him could implicate Constitutional concerns, Plaintiff does not explain how or why the work assignments were

13

humiliating. Without more, the Court cannot decide whether the work assignments were a condition akin to punishment. The Court accordingly dismisses this claim.

### C. Conspiracy

Because Plaintiff's § 1983 claims for unlawful seizure and for conditions amounting to punishment fail, his conspiracy claim also fails. To prevail on a conspiracy claim, "the plaintiff must show that (1) the individuals reached an agreement to deprive him of his constitutional rights, and (2) overt acts in furtherance actually deprived him of those rights." *Beaman v. Freesmeyer*, 776 F.3d 500, 510 (7th Cir. 2015). Plaintiff's conspiracy claim requires him to show an underlying constitutional violation. *Gill v. City of Milwaukee*, 850 F.3d 335, 342 (7th Cir. 2017); *see also Henderson v. City of Chicago*, No. 14-cv-09905, 2019 WL 4824821 at *8 (N.D. Ill. Sep. 30, 2019) ("[C]onspiracy is not an independent basis for liability"). Because Plaintiff has failed to plead an underlying Constitutional basis, his conspiracy claim fails.

### IV. State Law Claims

This leaves only state law claims for indemnification, malicious prosecution and IIED (Counts V–VIII). Having dismissed the only federal claims in this action, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c)(3); *see also Dietchweiler by Dietchweiler v. Lucas*, 827 F.3d 622, 631 (7th Cir. 2016).

## **CONCLUSION**

Defendants' Motions to Dismiss Plaintiff's First Amended Complaint are granted with prejudice. [Dkts. 43, 45]. Plaintiff's federal claims under 42 U.S.C. § 1983 are dismissed for failure to state a claim. Plaintiff's claims against the Cook County Sheriff's Department are dismissed for failure to prosecute. The Court declines to exercise supplemental jurisdiction over the remaining state law claims.

Date: February 8, 2021

_____
Virginia M. Kendall
United States District Judge